UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LACY,<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN BILTRITE, INC.,<br>EMPLOYEES LONG TERM DISABILITY<br>PLAN and/or CONGOLEUM CORPORATION<br>EMPLOYEES LONG TERM DISABILITY<br>PLAN, METROPOLITAN LIFE INSURANCE<br>COMPANY,<br><br>        Defendants. | Civil No. 10cv0830 JM(RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER TO ALLOW FILING OF MOTION TO COMPEL AND COMPLETION OF DISCOVERY [ECF NO. 16]** |

On June 17, 2011, Plaintiff filed a Motion to Amend Scheduling Order to Allow Filing of Motion to Compel and Completion of Discovery, along with a Memorandum of Points and Authorities, the Declaration of George De La Flor, and exhibits [ECF No. 16].  After several joint requests to continue the hearing on the Motion, on January 9, 2012, Defendants' Opposition to Plaintiff's Motion to Amend Scheduling Order to Allow Filing of Motion to Compel and Completion of Discovery was filed, along with the Declaration of Robert K. Renner and exhibits [ECF No. 30].  Plaintiff's Reply to Defendant's Opposition to Motion to Amend Scheduling Order was

filed on January 16, 2012 [ECF No. 32]. The Court finds the Motion suitable for determination without oral argument. See S.D. Cal. Civ. L.R. 7.1(d)(1).

In his Motion to Amend Scheduling Order, the Plaintiff seeks to extend the time allowed to complete discovery and to file pretrial motions by ninety days. (Mot. Amend Scheduling Order 1-2, ECF No. 16; id. Attach. #1 Mem. P. & A. 9.) Plaintiff also seeks to amend the Scheduling Order for a period of time sufficient to allow the "parties" to file appropriate motions to compel. (Mot. Amend Scheduling Order 1-2, ECF No. 16.)

**I.**

**FACTUAL BACKGROUND**

Plaintiff Matthew Lacy brought this lawsuit to recover ERISA benefits. On April 19, 2010, Lacy filed a Complaint alleging that he was employed as a salesman for Defendant Congoleum Corporation, which is a subsidiary of Defendant American Biltrite, Inc. (Compl. 2, ECF No. 1.) Lacy was covered by a long-term disability plan with those companies. (Id.) Defendant Metropolitan Life Insurance Company was the group insurance provider and administrator of the plan. (Id.)

Plaintiff asserts that in 2002 he suffered a traumatic brain injury during the course of his employment. (Id.) Specifically, he alleges he was injured by a flying golf ball while entertaining clients on a golf course. (Id. at 2-3.) At that time, Lacy was not informed of the benefits available under the company disability plan. (Id. at 3.) The Plaintiff returned to work after a period of rehabilitation. (Id.) Lacy maintains that in May 2007, his health began to decline, and he was unable to work. (Id.)

Plaintiff applied for disability benefits after the qualifying time, but his claim was denied because he had been deemed capable of working. (Id.) Lacy's appeals of the denial were all denied. (Id.)

## II.

### PROCEDURAL HISTORY

This Motion to Amend has a protracted history. On September 24, 2010, the Court held a case management conference and issued the Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings [ECF No. 11]. The discovery cutoff was set for May 23, 2011, and trial was scheduled for November 21, 2011. (Case Management Conference Order 6, ECF No. 11.) This Court held settlement conferences on February 8, March 8, April 19, and June 15, 2011 [ECF Nos. 12-15]. Plaintiff filed this Motion to Amend on June 17, 2011, and it was set to be heard on July 25, 2011. (Mot. Amend 1, ECF No. 16.)

On June 30, 2011, the parties filed their first joint request seeking to continue the motion hearing thirty days [ECF No. 19]. Plaintiff's lead attorney at the time, George de la Flor, had a heart attack on June 27, 2011, which was the basis for the parties' request to continue. (Joint Mot. Thirty-Day Continuance 2, ECF No. 19.) Co-counsel of record, James Vallee, remained on the case with George de la Flor. The Court granted the request and continued the motion hearing to September 6, 2011 [ECF No. 20].

On July 27, 2011, the parties filed a second joint motion to continue the hearing on the Motion to Amend as well as all of outstanding dates in the scheduling order by 120 days, in light of de la Flor's health [ECF No. 21]. The request was granted on July

29, 2011, and the hearing on Plaintiff's Motion to Amend was continued to December 12, 2011 [ECF Nos. 23, 24]. Trial was continued to March 26, 2012, but the May 23, 2011 discovery cutoff was not reopened and continued. (Order Granting Joint Mot. Continue Certain Dates 2, ECF No. 23.) The Court stated, "The continuance does not apply to any deadlines in the Scheduling Order that had already lapsed on June 27, 2011, specifically the May 23, 2011 discovery cutoff." (Id.)

Approximately two and one-half months later, on October 12, 2011, attorney Jeffrey Metzger filed a request to substitute as counsel of record in place of George de la Flor and his co-counsel, James Vallee; the district court approved the request [ECF Nos. 25-26].

The parties filed a third joint motion to extend the hearing date and briefing schedule relating to Plaintiff's Motion to Amend, which had been filed more than five months earlier [ECF No. 27]. The parties asserted that Plaintiff's new counsel, Jeffrey Metzger, had informed Defendants "that based on his review of the previously propounded discovery, he was not inclined to pursue the vast majority of it." (Joint Mot. Br. Continuance 1, ECF No. 27.) The Court granted the parties' request and continued the motion hearing to January 23, 2012 [ECF No. 28]. The Court took the Motion to Amend Scheduling Order under submission [ECF N0. 29]. On January 9 2012, the Defendants filed an Opposition to Plaintiff's Motion to Amend [ECF No. 30]. Plaintiff's Reply to Defendants' Opposition

1  was filed on January 16, 2012, by Lacy's current attorney, Jeffrey
2  Metzger [ECF Nos. 30, 32].[1]
3      Next, the parties filed a joint motion to vacate the February
4  24, 2012 pretrial conference and asked for leave to file
5  simultaneous opening and responding trial briefs in lieu of
6  standard pretrial contentions [ECF No. 34].  The district court
7  granted the parties' request and scheduled oral argument for March
8  26, 2012 [ECF No. 35].  The parties then asked that the oral
9  argument be continued in light of the pending Motion to Amend, and
10 the district court reset the hearing date for June 4, 2012 [ECF
11 Nos. 37-38].  Under the current schedule, opening briefs must be
12 filed by April 30, 2012, and responding trial briefs must be filed
13 by May 21, 2012 [ECF No. 38].

### III.

### LEGAL STANDARDS

16    District courts are given broad discretion in supervising the
17 pretrial phase of litigation.  <u>Zivkovic v. Southern Cal. Edison</u>
18 <u>Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting <u>Johnson v.</u>
19 <u>Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992)).
20 Federal Rule of Civil Procedure 16(b) provides that district courts
21 must issue scheduling orders to establish deadlines for, among
22 other things, the time to complete discovery and file motions.
23 Fed. R. Civ. P. 16(b)(3)(A).  The dates in a scheduling order "may
24 be modified only for good cause and with the judge's consent."
25 Fed. R. Civ. P. 16(b)(4).

---

[1] Although Plaintiff has retained new counsel, the events giving rise to the Motion to Amend took place while Lacy was represented by two attorneys, George de la Flor and James Michael Vallee.

In assessing whether there is "good cause" under Rule 16(b), the court "primarily considers the diligence of the party seeking the amendment" and the "moving party's reasons for seeking modification." Johnson, 975 F.2d at 609; see Zivkovic, 302 F.3d at 1087 ("The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'") (citation omitted). The diligence of the party seeking to extend deadlines is the touchstone for deciding whether the request should be granted. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Johnson, 975 F.2d at 609 (internal citation omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.; see Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) (discussing Rule 4(j) of the Federal Rules of Civil Procedure and holding that the inadvertent failure to calendar a deadline did not constitute excusable neglect or good cause).

**IV.**

**DISCUSSION**

The Plaintiff seeks to extend the time allowed to complete discovery and file pretrial motions, including motions to compel. (Mot. Amend Scheduling Order 1-2, ECF No. 16; id. Attach. #1 Mem. P. & A. 9.) First, Lacy desires to file a motion to compel a further response to written discovery that was served after the March 21, 2011 deadline. (See id. Attach. #1 Mem. P. & A. 2-3.)

Counsel states that he "inadvertently overlooked the sentence at page 2 of the Order providing, 'All interrogatories and document production requests must be served by March 21, 2011.'" (Id. at 2.) Second, Plaintiff requests leave to move to compel deposition testimony after the discovery cutoff; he ignores the related thirty-day deadline to act on objections to discovery. (See id. at 2-3.) As discussed below, the Motion to Amend Scheduling Order and the proposed motions to compel are untimely on several grounds.

Lacy argues that both the written and oral discovery he seeks to compel are "fully permissible" in an ERISA action and are "vitally important" to the preparation and presentation of his case. (Id. at 4.) He asserts that Ninth Circuit law permits plaintiffs in ERISA lawsuits to obtain discovery beyond the administrative record where an inherent conflict exists. (Id. at 6.) Plaintiff contends that discovery is necessary to ascertain whether the insurance plan administrator followed appropriate procedures in deciding the claim. (Id. at 7.) In this case, Lacy maintains that the plan administrator had a dual responsibility for determining whether a plan participant was eligible for disability benefits and for paying those benefits. (Id. at 6-7.) Thus, the requested information is critical to determine whether this inherent conflict of interest influenced Defendants' decision to deny benefits. (Id. at 6, 8-9.)

At the eleventh hour, Lacy's attorneys filed this Motion to extend lapsed deadlines and cure the timeliness issues raised by their discovery requests. They appear to seek wide-ranging discovery to develop a conflict for the ERISA plan administrator that would affect the standard of review and provide information so

1  the district court could conduct a de novo review of the plan
2  administrator's decision.  See Abatie v. Alta Health & Life Ins.
3  Co., 458 F.3d 955, 968, 971 (9th Cir. 2006) (en banc).

**A.  Written Discovery**

Lacy's request to extend deadlines so that he can move to compel further responses to his interrogatories, requests for admissions, and requests for production of documents is untimely on two grounds.  First, he seeks to compel responses to written discovery that was served on April 13, 2011, nearly one month after the March 21, 2011 deadline for serving interrogatories and requests for production.  Second, the Motion seeking to extend deadlines was filed on June 17, 2011, after the May 23, 2011 close of all discovery.

**1.  Discovery served after the written discovery cutoff**

On September 24, 2010, this Court issued a Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings [ECF No. 11].  There, the Court instructed, "All interrogatories and document production requests must be served by March 21, 2011."  (Case Management Conference Order 2, ECF No. 11.) Lacy's attorneys did not serve the interrogatories, requests for production of documents, and requests for admissions until April 13, 2011.  In fact, they failed to conduct any discovery before that date.

Attorney de la Flor stated that he -- and presumably his co-counsel -- inadvertently overlooked the March 21, 2011 written discovery deadline and thought that all discovery, including written, had to be completed by May 23, 2011.  (Mot. Amend Scheduling Order Attach. #2 Decl. de la Flor 3, ECF No. 16.)  He

asserts he erroneously calendared the cutoff date to serve discovery as April 20, 2011, and waited until "the adverse Social Security ruling was entered and the appeal underway" before taking any discovery. (Id.)  In his declaration, Plaintiff's counsel merely submits, "By the time of the April 19 [settlement] conference, I had learned that Plaintiff had been denied his SSDI claim.  Approximately contemporaneous with my getting this news, I propounded the first round of discovery in this matter [on April 13, 2011]." (Id. at 2-3.)  Counsel does not specify when he and his co-counsel, James Vallee, actually learned of the adverse ruling, even though de la Flor attributed the nearly seven-month delay in commencing discovery to the fact that Lacy's social security claim was still pending.

The Social Security Administration informed Plaintiff Lacy that his request for benefits was denied on December 9, 2010.  (Opp'n Attach. #2 Ex. A, at 6-8, ECF No. 30.)  Amit Vagal, Plaintiff's attorney for the social security matter, also received a copy of the denial letter. (Id.; see Opp'n 4, ECF No. 30.)  From the date of the decision, Plaintiff had more than three months to propound written discovery before the March 21, 2011 cutoff.  On March 8, 2011, Plaintiff's co-counsel forwarded a copy of the social security ruling to defense counsel. (Opp'n Attach. #2 Ex. A, at 2, ECF No. 30.)  Even then, Lacy's attorneys had two weeks to serve written discovery before the March 21, 2011 deadline.  They waited until April 13, 2011, when Lacy's counsel served interrogatories, requests for admissions, requests for product of documents, and deposition notices.  This was almost seven months after the Court issued its scheduling order, four months after

Plaintiff learned of the adverse administrative decision, one month after Lacy's counsel informed defense counsel of the adverse decision, and twenty-three days after the deadline to complete written discovery.

**2.   Motion to Amend filed after the close of all discovery**

The scheduling order provides, "All discovery shall be completed by all parties on or before May 23, 2011; <u>this includes discovery ordered as a result of a discovery motion</u>." (Case Management Conference Order 1, ECF No. 11) (emphasis added). Thus, the attorneys were required to initiate all discovery in advance of the cutoff date so that it may be completed by that date, taking into account time for service, responses, and motions to compel.

The Defendants objected to the Plaintiff's written discovery on timeliness grounds on May 16, 2011. There was still one week before the discovery cutoff, during which Lacy could have either filed a motion or requested an extension of time to do so. Nonetheless, Lacy let the May 23, 2011 discovery cutoff pass.

**3.   Analysis**

The procedural posture of this case has vastly changed since Lacy filed this Motion, more than eight months ago. At that time, according to Plaintiff, "relatively little activity" had occurred in the case, and litigation was essentially in a "holding pattern" while he pursued, and appealed the denial of, his request for disability benefits. (Mot. Amend Scheduling Order Attach. #1 Mem. P. & A. 1-2.) The Plaintiff had not sought any previous extensions of time, trial was nearly five months away, and the case was in a "relatively dormant" state pending the outcome of the social security appeal. (<u>Id.</u> at 3, 9.) Lacy justified his request for

leave to amend the scheduling order, in part, because he sought to address the issue early to avoid the production and review of documents "at the outset of trial." (Id. at 9.) Now, an appeal of the adverse social security decision is pending, trial has been continued twice, and oral argument is set for June 4, 2012, with initial trial briefs due on April 30, 2012. The discovery cutoff was nearly ten months ago.

Despite the current procedural landscape, however, the inquiry is whether Plaintiff's lawyers were diligent from the time the Court issued its scheduling order on September 24, 2010, to when they first initiated discovery on April 13, 2011. Plaintiff argues that counsel were diligent in prosecuting the case and that the service of written discovery after the deadline was the result of excusable inadvertence. (Mot. Amend Scheduling Order Attach. #1 Mem. P. & A. 5, ECF No. 16.) Lacy alleges that he would be substantially prejudiced if he is not permitted to complete discovery because the requested information is essential to the full and fair consideration of his case. (Id.)

Plaintiff cites the multi-factor test outlined in United States v. First National Bank of Circle, 652 F.2d 882, 887 (9th Cir 1981), to argue that leave to amend is appropriate. (Mot. Amend Scheduling Order Attach. #1 Mem. P. & A. 4, ECF No. 16.) That decision, however, dealt with amending the pretrial order. The standard for amending pretrial conference orders is "to prevent manifest injustice." Fed. R. Civ. P. 16(e). For requests to amend the scheduling order, Federal Rule of Civil Procedure 16(b) applies, and the inquiry is whether the movant was diligent. Zivkovic, 302 F.3d at 1087.

In the Opposition, Defendants insist that waiting to initiate discovery until one week before what Plaintiff's attorneys believed to be the deadline for discovery is far from diligent. (Opp'n 1, ECF No. 30.) Defendants allege that if a social security ruling was central to Lacy's case, counsel should have taken affirmative steps to stay this litigation or continue the dates outlined in the scheduling order. (Id. at 2.) They argue, "[T]he dates assigned by Your Honor were firm deadlines, and -- even if Plaintiff's attorneys apparently chose to ignore them -- they continued to tick by." (Id. at 3.) The Defendants also contend that Plaintiff's attorneys knew of the adverse social security decision on December 9, 2010, or at the latest, on March 8, 2011. (Id. at 3-4.) If Plaintiff's attorneys were diligent, they should have initiated discovery immediately upon receipt of the administrative decision. (Id. at 4.) Defendants urge that the Motion should be denied on the additional ground that they will be substantially prejudiced because of increased litigation costs and a further delay of the trial. (Id. at 10-11.)

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson, 975 F.2d at 610 (quotation omitted). "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." Cornwell, 439 F.3d at 1027. The Ninth Circuit has articulated the importance of scheduling orders:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and

>resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence. The Federal Rules of Civil Procedure explicitly authorize the establishment of schedules and deadlines, in Rule 16(b), and the enforcement of those schedules by the imposition of sanctions, in Rule 16(f).

Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1060 (9th Cir. 2005).

Here, even accepting counsel's claimed misunderstanding of the scheduling order, Plaintiff was not diligent by foregoing all discovery for nearly seven months. Johnson, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."); see also Wei v. State of Hawaii, 763 F.2d at 372 (concluding that the inadvertent failure to calendar a deadline was neither excusable neglect nor good cause). Without an order extending the discovery deadlines or staying the litigation, the dates in this Court's scheduling order were not suspended while Lacy's attorneys waited for a ruling on Plaintiff's claim for social security benefits. See Cornwell, 439 F.3d at 1026 (finding that plaintiff's decision to forgo taking the deposition of a third-party witness while discovery was open was unreasonable and "not a diligent pursuit of discovery opportunities").

Furthermore, the discovery at issue is unrelated to Lacy's claim for social security benefits. Separate sets of the twenty-seven requests for admission, five interrogatories, and twenty-seven requests for production of documents were served on each of the two Defendants. (See Mot. Amend Scheduling Order Attach. #2 de la Flor Decl. 3, ECF No. 16.) Except for affecting the amount of

ERISA benefits that may be payable, the social security ruling has little relation to Lacy's claim for ERISA benefits. (See id. Attach. #3, Exs. 2, 3, 4.)  Furthermore, Plaintiff's entitlement to social security benefits is still unresolved, because he has appealed the decision denying his claim.  Thus, the proffered reason for not pursuing discovery earlier falls short and indicates that Lacy's attorneys were not diligent.

Long before filing this Motion, Plaintiff knew that his request for social security benefits was denied.  See Du Maurier v. Laguna Beach Police Dep't, Nos. SA CV 10-1855 SJO(JCG), 10-01976 SJO(JCGx), 2011 U.S. Dist. LEXIS 143658, at *7 (C.D. Cal. Sept. 2, 2011) (finding no diligence where plaintiff knew of the facts forming the basis of his requested motion one month in advance of the relevant deadline).  If Lacy needed additional time to serve written discovery, he should have sought an extension of time. Plaintiff's written discovery was served after the Court-imposed deadlines, and his attorneys have not shown that they were diligent.  See Panatronic USA v. AT&T Corp., 287 F.3d 840, 846 (9th Cir. 2002) (finding lack of diligence where movant had "ample opportunity to conduct discovery," but failed to do so); see also Cornwell, 439 F.3d at 1027 ("We decline to limit the district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the plaintiff's prior discovery efforts were not diligent.")

**B.   Depositions**

The Plaintiff also seeks leave to file a motion to compel deposition testimony, which is untimely.  First, although Lacy

received the Defendants' objections to the deposition notices on May 5, 2011, he did not file a motion to compel the deposition testimony before the May 23, 2011 discovery cutoff. Instead, the Plaintiff filed this Motion to Amend on June 17, 2011, one and one-half months after receiving the objections. Moreover, Lacy failed to satisfy the meet and confer requirements set forth in the local rules, constituting an additional procedural defect with the proposed motion to compel.

### 1. Deadline for filing a motion to compel

On April 13, 2011, Plaintiff also served Defendants with a notice of taking depositions. (Mot. Amend Scheduling Order Attach. #1 Mem. P. & A. 2, ECF No. 16.) Lacy sought to depose five individuals, Natalie Kern, Matt Szuba, JoAnne Fiore, Lisa Touloumjian, and Eric Kelly. (Id. Attach. #3 Ex. 1, at 1.) The Plaintiff also sought to take Rule 30(b)(6) depositions on three topics from individuals most knowledgeable at Defendant Metropolitan Life Insurance Company. (Id. at 2.) The depositions were to take place on May 17, 18, 19, and 23, 2011. (Id. at 1-2.) The Defendants served objections to the notice of taking depositions on May 5, 2011. (Id. Attach. #1 Mem. P. & A. 2-3.)

In its scheduling order, the Court instructed:

> All motions for discovery shall be filed no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the service of the response.

(Case Management Conference Order 1-2, ECF No. 11.) Because no deposition took place, the event giving rise to the dispute was the

service of Defendants' objections on May 5, 2011.  (See id.) Absent the discovery cutoff, ordinarily, the Plaintiff would have had thirty days, or until June 6, 2011, to file a motion to compel. The discovery cutoff, however, lapsed even earlier, on May 23, 2011.  Lacy filed this Motion on June 17, 2011, after the deadline for raising the issue with the Court.  Even if counsel immediately filed a motion to compel after receiving the Defendants' objections, the motion would have been untimely because the discovery cutoff includes hearings on motions to compel and discovery ordered as a result of a motion to compel.

**2.   Motion to Amend filed after the close of discovery**

All discovery, including discovery ordered as a result of a discovery motion, was to be completed by May 23, 2011. (Case Management Conference Order 1, ECF No. 11.)  Plaintiff filed this Motion to Amend the scheduling order after the close of all discovery.  Lacy became aware of the discovery dispute on May 5, 2011, when the Defendants served their objections to the notice of depositions.  There were still two weeks before the deadline to complete discovery, during which the Plaintiff could have filed a motion to compel or requested an extension of time to do so while the parties attempted to meet and confer.  Instead, Lacy waited, letting the discovery cutoff pass, before filing this Motion.

**3.   Failure to meet and confer**

The local rules require parties to attempt to resolve discovery disputes through a dialogue before seeking judicial intervention.  Specifically, Civil Local Rule 26.1 provides:

> The court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed

> issues . . . . If counsel have offices in the same county, they are to meet in person. <u>If counsel have offices in different counties, they are to confer by telephone</u>. <u>Under no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence</u>.

S.D. Cal. Civ. R. 26.1(a) (emphasis added). The local rules also require the moving party to serve and file a certificate of compliance with this rule when filing the motion. S.D. Cal. Civ. R. 26.1(b). Although Lacy's Motion to Amend is brought pursuant to Federal Rule of Civil Procedure 16(b), the proposed motion to compel depositions does not comply with Civil Local Rule 26.1.

On June 6, 2011, one month after receiving Defendants' May 5, 2011 objections to the notice of depositions, Plaintiff's counsel sent a belated meet-and-confer letter to defense counsel by electronic mail. (Mot. Amend Scheduling Order Attach. #1 Mem. P. & A. 4, ECF No. 16.) On June 13, 2011, defense counsel responded in a letter by electronic mail, and Plaintiff filed this Motion four days later. (<u>Id.</u> at 5.) Because counsel have offices in different counties, Lacy's attorneys were not required to meet and confer in person with defense counsel before raising the issue with the Court. <u>See</u> S.D. Cal. Civ. R. 26.1(a). They were, however, required to confer by telephone. <u>Id.</u> The local rules prohibit meet-and-confer attempts made by written correspondence alone, which was the extent of counsel's efforts. <u>Id.</u> Moreover, Lacy's attorneys failed to include a certificate of compliance with the rule when filing his motion. <u>See</u> S.D. Cal. Civ. R. 26.1(b).

**4. Analysis**

Lacy does not address why he did not file a motion to compel deposition testimony before the May 23, 2011 discovery cutoff,

which explicitly encompasses discovery ordered as a result of a discovery motion. Nor did his attorneys explain why they did not attempt to meet and confer regarding these deposition disputes before June 6, 2011. Lacy also failed to comply with the meet and confer requirements outlined in the local rules. Plaintiff's failure to follow local rules underscores a lack of diligence evidenced by his attorneys' failure to meet court-imposed deadlines.

In his Reply, Plaintiff's current attorney argues that the deposition notices were timely served and were noticed for dates to occur before the May 23, 2011 discovery completion deadline. (Reply 4, ECF No. 32.) The current lawyer also alleges that good cause exists to permit him to compel these eight depositions because after receiving Defendants' May 5, 2011 objections, Plaintiff "diligently pursued seeking his right to take the depositions" by meeting and conferring and then filing the Motion to Amend. (Id.)

Lacy's prior attorneys waited nearly seven months, from September 24, 2010, to April 13, 2011, before noticing any depositions. They also did not bring the dispute to the Court's attention by the discovery cutoff or within thirty days of receiving the May 5, 2011 objections. See Skinner v. Ryan, No. CV-09-2152-PHX-SMM(LOA), 2010 U.S. Dist. LEXIS 122695, at *5 (D. Ariz. Nov. 5, 2010) (denying a motion to compel that was filed more than one month after the deadline for bringing discovery disputes to the court's attention as untimely). Plaintiff's attorneys were not diligent. They allowed the May 23, 2011 discovery cutoff to lapse before seeking relief from the Court on June 17, 2011.

The Plaintiff has exhibited a general disregard for the deadlines set forth in this Court's scheduling order as well as the procedures described in the local rules. Lacy has not shown good cause to amend the scheduling order to permit a motion to compel depositions. See Johnson, 975 F.2d at 609 (emphasizing that the good cause inquiry hinges on whether the moving party diligently pursued discovery).

## V.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Amend Scheduling Order to Allow Filing of Motion to Compel and Completion of Discovery [ECF No. 16] is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 16, 2012

RUBEN B. BROOKS
United States Magistrate Judge

cc: Judge Miller
    All Parties of Record