1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11  MATTHEW LACY,                      )  Civil No. 10cv0830 JM(RBB)
                                       )
12              Plaintiff,             )  **ORDER DENYING PLAINTIFF'S**
                                       )  **MOTION TO AMEND SCHEDULING**
13  v.                                 )  **ORDER TO ALLOW FILING OF MOTION**
                                       )  **TO COMPEL AND COMPLETION OF**
14  AMERICAN BILTRITE, INC.,           )  **DISCOVERY [ECF NO. 16]**
    EMPLOYEES LONG TERM DISABILITY     )
15  PLAN and/or CONGOLEUM CORPORATION  )
    EMPLOYEES LONG TERM DISABILITY     )
16  PLAN, METROPOLITAN LIFE INSURANCE  )
    COMPANY,                           )
17                                     )
                Defendants.            )
18  _____ )

19       On June 17, 2011, Plaintiff filed a Motion to Amend Scheduling

20  Order to Allow Filing of Motion to Compel and Completion of

21  Discovery, along with a Memorandum of Points and Authorities, the

22  Declaration of George De La Flor, and exhibits [ECF No. 16].  After

23  several joint requests to continue the hearing on the Motion, on

24  January 9, 2012, Defendants' Opposition to Plaintiff's Motion to

25  Amend Scheduling Order to Allow Filing of Motion to Compel and

26  Completion of Discovery was filed, along with the Declaration of

27  Robert K. Renner and exhibits [ECF No. 30].  Plaintiff's Reply to

28  Defendant's Opposition to Motion to Amend Scheduling Order was

                                       1

1  filed on January 16, 2012 [ECF No. 32].  The Court finds the Motion

2  suitable for determination without oral argument.  <u>See</u> S.D. Cal.

3  Civ. L.R. 7.1(d)(1).

4      In his Motion to Amend Scheduling Order, the Plaintiff seeks

5  to extend the time allowed to complete discovery and to file

6  pretrial motions by ninety days.  (Mot. Amend Scheduling Order 1-2,

7  ECF No. 16; <u>id.</u> Attach. #1 Mem. P. & A. 9.)  Plaintiff also seeks

8  to amend the Scheduling Order for a period of time sufficient to

9  allow the "parties" to file appropriate motions to compel.  (Mot.

10  Amend Scheduling Order 1-2, ECF No. 16.)

11                                 **I.**

12                        **FACTUAL BACKGROUND**

13      Plaintiff Matthew Lacy brought this lawsuit to recover ERISA

14  benefits.  On April 19, 2010, Lacy filed a Complaint alleging that

15  he was employed as a salesman for Defendant Congoleum Corporation,

16  which is a subsidiary of Defendant American Biltrite, Inc.  (Compl.

17  2, ECF No. 1.)  Lacy was covered by a long-term disability plan

18  with those companies.  (<u>Id.</u>)  Defendant Metropolitan Life Insurance

19  Company was the group insurance provider and administrator of the

20  plan.  (<u>Id.</u>)

21      Plaintiff asserts that in 2002 he suffered a traumatic brain

22  injury during the course of his employment.  (<u>Id.</u>)  Specifically,

23  he alleges he was injured by a flying golf ball while entertaining

24  clients on a golf course.  (<u>Id.</u> at 2-3.)  At that time, Lacy was

25  not informed of the benefits available under the company disability

26  plan.  (<u>Id.</u> at 3.)  The Plaintiff returned to work after a period

27  of rehabilitation.  (<u>Id.</u>)  Lacy maintains that in May 2007, his

28  health began to decline, and he was unable to work.  (<u>Id.</u>)

1  Plaintiff applied for disability benefits after the qualifying

2  time, but his claim was denied because he had been deemed capable

3  of working.  (<u>Id.</u>)  Lacy's appeals of the denial were all denied.

4  (<u>Id.</u>)

5                                 **II.**

6                        **PROCEDURAL HISTORY**

7      This Motion to Amend has a protracted history.  On September

8  24, 2010, the Court held a case management conference and issued

9  the Case Management Conference Order Regulating Discovery and Other

10 Pretrial Proceedings [ECF No. 11].  The discovery cutoff was set

11 for May 23, 2011, and trial was scheduled for November 21, 2011.

12 (Case Management Conference Order 6, ECF No. 11.)  This Court held

13 settlement conferences on February 8, March 8, April 19, and June

14 15, 2011 [ECF Nos. 12-15].  Plaintiff filed this Motion to Amend on

15 June 17, 2011, and it was set to be heard on July 25, 2011.  (Mot.

16 Amend 1, ECF No. 16.)

17     On June 30, 2011, the parties filed their first joint request

18 seeking to continue the motion hearing thirty days [ECF No. 19].

19 Plaintiff's lead attorney at the time, George de la Flor, had a

20 heart attack on June 27, 2011, which was the basis for the parties'

21 request to continue.  (Joint Mot. Thirty-Day Continuance 2, ECF No.

22 19.)  Co-counsel of record, James Vallee, remained on the case with

23 George de la Flor.  The Court granted the request and continued the

24 motion hearing to September 6, 2011 [ECF No. 20].

25     On July 27, 2011, the parties filed a second joint motion to

26 continue the hearing on the Motion to Amend as well as all of

27 outstanding dates in the scheduling order by 120 days, in light of

28 de la Flor's health [ECF No. 21].  The request was granted on July

1  29, 2011, and the hearing on Plaintiff's Motion to Amend was
2  continued to December 12, 2011 [ECF Nos. 23, 24].   Trial was
3  continued to March 26, 2012, but the May 23, 2011 discovery cutoff
4  was not reopened and continued.   (Order Granting Joint Mot.
5  Continue Certain Dates 2, ECF No. 23.)   The Court stated, "The
6  continuance does not apply to any deadlines in the Scheduling Order
7  that had already lapsed on June 27, 2011, specifically the May 23,
8  2011 discovery cutoff."   (Id.)

9       Approximately two and one-half months later, on October 12,
10 2011, attorney Jeffrey Metzger filed a request to substitute as
11 counsel of record in place of George de la Flor and his co-counsel,
12 James Vallee; the district court approved the request [ECF Nos.
13 25-26].

14      The parties filed a third joint motion to extend the hearing
15 date and briefing schedule relating to Plaintiff's Motion to Amend,
16 which had been filed more than five months earlier [ECF No. 27].
17 The parties asserted that Plaintiff's new counsel, Jeffrey Metzger,
18 had informed Defendants "that based on his review of the previously
19 propounded discovery, he was not inclined to pursue the vast
20 majority of it." (Joint Mot. Br. Continuance 1, ECF No. 27.)   The
21 Court granted the parties' request and continued the motion hearing
22 to January 23, 2012 [ECF No. 28].   The Court took the Motion to
23 Amend Scheduling Order under submission [ECF N0. 29].   On January 9
24 2012, the Defendants filed an Opposition to Plaintiff's Motion to
25 Amend [ECF No. 30].   Plaintiff's Reply to Defendants' Opposition
26
27
28

1   was filed on January 16, 2012, by Lacy's current attorney, Jeffrey

2   Metzger [ECF Nos. 30, 32].[1]

3        Next, the parties filed a joint motion to vacate the February

4   24, 2012 pretrial conference and asked for leave to file

5   simultaneous opening and responding trial briefs in lieu of

6   standard pretrial contentions [ECF No. 34].  The district court

7   granted the parties' request and scheduled oral argument for March

8   26, 2012 [ECF No. 35].  The parties then asked that the oral

9   argument be continued in light of the pending Motion to Amend, and

10  the district court reset the hearing date for June 4, 2012 [ECF

11  Nos. 37-38].  Under the current schedule, opening briefs must be

12  filed by April 30, 2012, and responding trial briefs must be filed

13  by May 21, 2012 [ECF No. 38].

14                              **III.**

15                        **LEGAL STANDARDS**

16       District courts are given broad discretion in supervising the

17  pretrial phase of litigation.  <u>Zivkovic v. Southern Cal. Edison</u>

18  <u>Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting <u>Johnson v.</u>

19  <u>Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992)).

20  Federal Rule of Civil Procedure 16(b) provides that district courts

21  must issue scheduling orders to establish deadlines for, among

22  other things, the time to complete discovery and file motions.

23  Fed. R. Civ. P. 16(b)(3)(A).  The dates in a scheduling order "may

24  be modified only for good cause and with the judge's consent."

25  Fed. R. Civ. P. 16(b)(4).

26

27      [1]   Although Plaintiff has retained new counsel, the events

28  giving rise to the Motion to Amend took place while Lacy was
    represented by two attorneys, George de la Flor and James Michael
    Vallee.

1    In assessing whether there is "good cause" under Rule 16(b),

2    the court "primarily considers the diligence of the party seeking

3    the amendment" and the "moving party's reasons for seeking

4    modification." <u>Johnson</u>, 975 F.2d at 609; <u>see</u> <u>Zivkovic</u>, 302 F.3d at

5    1087 ("The pretrial schedule may be modified 'if it cannot

6    reasonably be met despite the diligence of the party seeking the

7    extension.'") (citation omitted).  The diligence of the party

8    seeking to extend deadlines is the touchstone for deciding whether

9    the request should be granted.  "Although the existence or degree

10   of prejudice to the party opposing the modification might supply

11   additional reasons to deny a motion, the focus of the inquiry is

12   upon the moving party's reasons for seeking modification.  If that

13   party was not diligent, the inquiry should end." <u>Johnson</u>, 975 F.2d

14   at 609 (internal citation omitted).  "[C]arelessness is not

15   compatible with a finding of diligence and offers no reason for a

16   grant of relief." <u>Id.</u>; <u>see</u> <u>Wei v. State of Hawaii</u>, 763 F.2d 370,

17   372 (9th Cir. 1985) (discussing Rule 4(j) of the Federal Rules of

18   Civil Procedure and holding that the inadvertent failure to

19   calendar a deadline did not constitute excusable neglect or good

20   cause).

21                            **IV.**

22                         **<u>DISCUSSION</u>**

23       The Plaintiff seeks to extend the time allowed to complete

24   discovery and file pretrial motions, including motions to compel.

25   (Mot. Amend Scheduling Order 1-2, ECF No. 16; <u>id.</u> Attach. #1 Mem.

26   P. & A. 9.)  First, Lacy desires to file a motion to compel a

27   further response to written discovery that was served after the

28   March 21, 2011 deadline.  (<u>See</u> <u>id.</u> Attach. #1 Mem. P. & A. 2-3.)

Counsel states that he "inadvertently overlooked the sentence at page 2 of the Order providing, 'All interrogatories and document production requests must be served by March 21, 2011.'" (<u>Id.</u> at 2.)  Second, Plaintiff requests leave to move to compel deposition testimony after the discovery cutoff; he ignores the related thirty-day deadline to act on objections to discovery.  (<u>See</u> <u>id.</u> at 2-3.)  As discussed below, the Motion to Amend Scheduling Order and the proposed motions to compel are untimely on several grounds.

Lacy argues that both the written and oral discovery he seeks to compel are "fully permissible" in an ERISA action and are "vitally important" to the preparation and presentation of his case.  (<u>Id.</u> at 4.)  He asserts that Ninth Circuit law permits plaintiffs in ERISA lawsuits to obtain discovery beyond the administrative record where an inherent conflict exists.  (<u>Id.</u> at 6.)  Plaintiff contends that discovery is necessary to ascertain whether the insurance plan administrator followed appropriate procedures in deciding the claim.  (<u>Id.</u> at 7.)  In this case, Lacy maintains that the plan administrator had a dual responsibility for determining whether a plan participant was eligible for disability benefits and for paying those benefits.  (<u>Id.</u> at 6-7.)  Thus, the requested information is critical to determine whether this inherent conflict of interest influenced Defendants' decision to deny benefits.  (<u>Id.</u> at 6, 8-9.)

At the eleventh hour, Lacy's attorneys filed this Motion to extend lapsed deadlines and cure the timeliness issues raised by their discovery requests.  They appear to seek wide-ranging discovery to develop a conflict for the ERISA plan administrator that would affect the standard of review and provide information so

the district court could conduct a de novo review of the plan administrator's decision.  See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 968, 971 (9th Cir. 2006) (en banc).

**A.    Written Discovery**

Lacy's request to extend deadlines so that he can move to compel further responses to his interrogatories, requests for admissions, and requests for production of documents is untimely on two grounds.  First, he seeks to compel responses to written discovery that was served on April 13, 2011, nearly one month after the March 21, 2011 deadline for serving interrogatories and requests for production.  Second, the Motion seeking to extend deadlines was filed on June 17, 2011, after the May 23, 2011 close of all discovery.

**1.    Discovery served after the written discovery cutoff**

On September 24, 2010, this Court issued a Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings [ECF No. 11].  There, the Court instructed, "All interrogatories and document production requests must be served by March 21, 2011."  (Case Management Conference Order 2, ECF No. 11.) Lacy's attorneys did not serve the interrogatories, requests for production of documents, and requests for admissions until April 13, 2011.  In fact, they failed to conduct any discovery before that date.

Attorney de la Flor stated that he -- and presumably his co-counsel -- inadvertently overlooked the March 21, 2011 written discovery deadline and thought that all discovery, including written, had to be completed by May 23, 2011.  (Mot. Amend Scheduling Order Attach. #2 Decl. de la Flor 3, ECF No. 16.)  He

asserts he erroneously calendared the cutoff date to serve
discovery as April 20, 2011, and waited until "the adverse Social
Security ruling was entered and the appeal underway" before taking
any discovery.  (Id.)  In his declaration, Plaintiff's counsel
merely submits, "By the time of the April 19 [settlement]
conference, I had learned that Plaintiff had been denied his SSDI
claim.  Approximately contemporaneous with my getting this news, I
propounded the first round of discovery in this matter [on April
13, 2011]."  (Id. at 2-3.)  Counsel does not specify when he and
his co-counsel, James Vallee, actually learned of the adverse
ruling, even though de la Flor attributed the nearly seven-month
delay in commencing discovery to the fact that Lacy's social
security claim was still pending.

The Social Security Administration informed Plaintiff Lacy
that his request for benefits was denied on December 9, 2010.
(Opp'n Attach. #2 Ex. A, at 6-8, ECF No. 30.)  Amit Vagal,
Plaintiff's attorney for the social security matter, also received
a copy of the denial letter.  (Id.; see Opp'n 4, ECF No. 30.)  From
the date of the decision, Plaintiff had more than three months to
propound written discovery before the March 21, 2011 cutoff.  On
March 8, 2011, Plaintiff's co-counsel forwarded a copy of the
social security ruling to defense counsel.  (Opp'n Attach. #2 Ex.
A, at 2, ECF No. 30.)  Even then, Lacy's attorneys had two weeks to
serve written discovery before the March 21, 2011 deadline.  They
waited until April 13, 2011, when Lacy's counsel served
interrogatories, requests for admissions, requests for product of
documents, and deposition notices.  This was almost seven months
after the Court issued its scheduling order, four months after

9

10cv0830 JM(RBB)

Plaintiff learned of the adverse administrative decision, one month after Lacy's counsel informed defense counsel of the adverse decision, and twenty-three days after the deadline to complete written discovery.

**2.   Motion to Amend filed after the close of all discovery**

The scheduling order provides, "All discovery shall be completed by all parties on or before May 23, 2011; this includes discovery ordered as a result of a discovery motion." (Case Management Conference Order 1, ECF No. 11) (emphasis added).  Thus, the attorneys were required to initiate all discovery in advance of the cutoff date so that it may be completed by that date, taking into account time for service, responses, and motions to compel.

The Defendants objected to the Plaintiff's written discovery on timeliness grounds on May 16, 2011.  There was still one week before the discovery cutoff, during which Lacy could have either filed a motion or requested an extension of time to do so. Nonetheless, Lacy let the May 23, 2011 discovery cutoff pass.

**3.   Analysis**

The procedural posture of this case has vastly changed since Lacy filed this Motion, more than eight months ago.  At that time, according to Plaintiff, "relatively little activity" had occurred in the case, and litigation was essentially in a "holding pattern" while he pursued, and appealed the denial of, his request for disability benefits.  (Mot. Amend Scheduling Order Attach. #1 Mem. P. & A. 1-2.)  The Plaintiff had not sought any previous extensions of time, trial was nearly five months away, and the case was in a "relatively dormant" state pending the outcome of the social security appeal.  (Id. at 3, 9.)  Lacy justified his request for

leave to amend the scheduling order, in part, because he sought to
address the issue early to avoid the production and review of
documents "at the outset of trial." (Id. at 9.)  Now, an appeal of
the adverse social security decision is pending, trial has been
continued twice, and oral argument is set for June 4, 2012, with
initial trial briefs due on April 30, 2012.  The discovery cutoff
was nearly ten months ago.

Despite the current procedural landscape, however, the inquiry
is whether Plaintiff's lawyers were diligent from the time the
Court issued its scheduling order on September 24, 2010, to when
they first initiated discovery on April 13, 2011.  Plaintiff argues
that counsel were diligent in prosecuting the case and that the
service of written discovery after the deadline was the result of
excusable inadvertence.  (Mot. Amend Scheduling Order Attach. #1
Mem. P. & A. 5, ECF No. 16.)  Lacy alleges that he would be
substantially prejudiced if he is not permitted to complete
discovery because the requested information is essential to the
full and fair consideration of his case.  (Id.)

Plaintiff cites the multi-factor test outlined in United
States v. First National Bank of Circle, 652 F.2d 882, 887 (9th Cir
1981), to argue that leave to amend is appropriate.  (Mot. Amend
Scheduling Order Attach. #1 Mem. P. & A. 4, ECF No. 16.)  That
decision, however, dealt with amending the pretrial order.  The
standard for amending pretrial conference orders is "to prevent
manifest injustice." Fed. R. Civ. P. 16(e).  For requests to amend
the scheduling order, Federal Rule of Civil Procedure 16(b)
applies, and the inquiry is whether the movant was diligent.
Zivkovic, 302 F.3d at 1087.

11

In the Opposition, Defendants insist that waiting to initiate discovery until one week before what Plaintiff's attorneys believed to be the deadline for discovery is far from diligent. (Opp'n 1, ECF No. 30.) Defendants allege that if a social security ruling was central to Lacy's case, counsel should have taken affirmative steps to stay this litigation or continue the dates outlined in the scheduling order. (<u>Id.</u> at 2.) They argue, "[T]he dates assigned by Your Honor were firm deadlines, and -- even if Plaintiff's attorneys apparently chose to ignore them -- they continued to tick by." (<u>Id.</u> at 3.) The Defendants also contend that Plaintiff's attorneys knew of the adverse social security decision on December 9, 2010, or at the latest, on March 8, 2011. (<u>Id.</u> at 3-4.) If Plaintiff's attorneys were diligent, they should have initiated discovery immediately upon receipt of the administrative decision. (<u>Id.</u> at 4.) Defendants urge that the Motion should be denied on the additional ground that they will be substantially prejudiced because of increased litigation costs and a further delay of the trial. (<u>Id.</u> at 10-11.)

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." <u>Johnson</u>, 975 F.2d at 610 (quotation omitted). "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." <u>Cornwell</u>, 439 F.3d at 1027. The Ninth Circuit has articulated the importance of scheduling orders:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and

1      resolution of cases.  Those efforts will be successful
only if the deadlines are taken seriously by the parties,
2      and the best way to encourage that is to enforce the
deadlines.  Parties must understand that they will pay a
3      price for failure to comply strictly with scheduling and
other orders, and that failure to do so may properly
4      support severe sanctions and exclusions of evidence.  The
Federal Rules of Civil Procedure explicitly authorize the
5      establishment of schedules and deadlines, in Rule 16(b),
and the enforcement of those schedules by the imposition
6      of sanctions, in Rule 16(f).

7  Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1060 (9th Cir.

8  2005).

9      Here, even accepting counsel's claimed misunderstanding of the

10  scheduling order, Plaintiff was not diligent by foregoing all

11  discovery for nearly seven months.  Johnson, 975 F.2d at 609

12  ("[C]arelessness is not compatible with a finding of diligence and

13  offers no reason for a grant of relief."); see also Wei v. State of

14  Hawaii, 763 F.2d at 372 (concluding that the inadvertent failure to

15  calendar a deadline was neither excusable neglect nor good cause).

16  Without an order extending the discovery deadlines or staying the

17  litigation, the dates in this Court's scheduling order were not

18  suspended while Lacy's attorneys waited for a ruling on Plaintiff's

19  claim for social security benefits.  See Cornwell, 439 F.3d at 1026

20  (finding that plaintiff's decision to forgo taking the deposition

21  of a third-party witness while discovery was open was unreasonable

22  and "not a diligent pursuit of discovery opportunities").

23      Furthermore, the discovery at issue is unrelated to Lacy's

24  claim for social security benefits.  Separate sets of the twenty-

25  seven requests for admission, five interrogatories, and twenty-

26  seven requests for production of documents were served on each of

27  the two Defendants.  (See Mot. Amend Scheduling Order Attach. #2 de

28  la Flor Decl. 3, ECF No. 16.)  Except for affecting the amount of

ERISA benefits that may be payable, the social security ruling has
little relation to Lacy's claim for ERISA benefits. (See id.
Attach. #3, Exs. 2, 3, 4.)  Furthermore, Plaintiff's entitlement to
social security benefits is still unresolved, because he has
appealed the decision denying his claim.  Thus, the proffered
reason for not pursuing discovery earlier falls short and indicates
that Lacy's attorneys were not diligent.

Long before filing this Motion, Plaintiff knew that his
request for social security benefits was denied.  See Du Maurier v.
Laguna Beach Police Dep't, Nos. SA CV 10-1855 SJO(JCG), 10-01976
SJO(JCGx), 2011 U.S. Dist. LEXIS 143658, at *7 (C.D. Cal. Sept. 2,
2011) (finding no diligence where plaintiff knew of the facts
forming the basis of his requested motion one month in advance of
the relevant deadline).  If Lacy needed additional time to serve
written discovery, he should have sought an extension of time.
Plaintiff's written discovery was served after the Court-imposed
deadlines, and his attorneys have not shown that they were
diligent.  See Panatronic USA v. AT&T Corp., 287 F.3d 840, 846 (9th
Cir. 2002) (finding lack of diligence where movant had "ample
opportunity to conduct discovery," but failed to do so); see also
Cornwell, 439 F.3d at 1027 ("We decline to limit the district
court's ability to control its docket by enforcing a discovery
termination date, even in the face of requested supplemental
discovery that might have revealed highly probative evidence, when
the plaintiff's prior discovery efforts were not diligent.")

**B.    Depositions**

The Plaintiff also seeks leave to file a motion to compel
deposition testimony, which is untimely.  First, although Lacy

1   received the Defendants' objections to the deposition notices on

2   May 5, 2011, he did not file a motion to compel the deposition

3   testimony before the May 23, 2011 discovery cutoff.  Instead, the

4   Plaintiff filed this Motion to Amend on June 17, 2011, one and

5   one-half months after receiving the objections.  Moreover, Lacy

6   failed to satisfy the meet and confer requirements set forth in the

7   local rules, constituting an additional procedural defect with the

8   proposed motion to compel.

9        **1.   Deadline for filing a motion to compel**

10       On April 13, 2011, Plaintiff also served Defendants with a

11  notice of taking depositions.  (Mot. Amend Scheduling Order Attach.

12  #1 Mem. P. & A. 2, ECF No. 16.)  Lacy sought to depose five

13  individuals, Natalie Kern, Matt Szuba, JoAnne Fiore, Lisa

14  Touloumjian, and Eric Kelly.  (<u>Id.</u> Attach. #3 Ex. 1, at 1.)  The

15  Plaintiff also sought to take Rule 30(b)(6) depositions on three

16  topics from individuals most knowledgeable at Defendant

17  Metropolitan Life Insurance Company.  (<u>Id.</u> at 2.)  The depositions

18  were to take place on May 17, 18, 19, and 23, 2011.  (<u>Id.</u> at 1-2.)

19  The Defendants served objections to the notice of taking

20  depositions on May 5, 2011.  (<u>Id.</u> Attach. #1 Mem. P. & A. 2-3.)

21       In its scheduling order, the Court instructed:

22       All motions for discovery shall be filed no later than
         thirty (30) days following the date upon which the event
23       giving rise to the discovery dispute occurred.  For oral
         discovery, the event giving rise to the discovery dispute
24       is the completion of the transcript of the affected
         portion of the deposition.  For written discovery, the
25       event giving rise to the discovery dispute is the service
         of the response.
26

27  (Case Management Conference Order 1-2, ECF No. 11.)  Because no

28  deposition took place, the event giving rise to the dispute was the

15

service of Defendants' objections on May 5, 2011.  (See id.)

Absent the discovery cutoff, ordinarily, the Plaintiff would have

had thirty days, or until June 6, 2011, to file a motion to compel.

The discovery cutoff, however, lapsed even earlier, on May 23,

2011.  Lacy filed this Motion on June 17, 2011, after the deadline

for raising the issue with the Court.  Even if counsel immediately

filed a motion to compel after receiving the Defendants'

objections, the motion would have been untimely because the

discovery cutoff includes hearings on motions to compel and

discovery ordered as a result of a motion to compel.

  **2.   Motion to Amend filed after the close of discovery**

  All discovery, including discovery ordered as a result of a

discovery motion, was to be completed by May 23, 2011.  (Case

Management Conference Order 1, ECF No. 11.)  Plaintiff filed this

Motion to Amend the scheduling order after the close of all

discovery.  Lacy became aware of the discovery dispute on May 5,

2011, when the Defendants served their objections to the notice of

depositions.  There were still two weeks before the deadline to

complete discovery, during which the Plaintiff could have filed a

motion to compel or requested an extension of time to do so while

the parties attempted to meet and confer.  Instead, Lacy waited,

letting the discovery cutoff pass, before filing this Motion.

  **3.   Failure to meet and confer**

  The local rules require parties to attempt to resolve

discovery disputes through a dialogue before seeking judicial

intervention.  Specifically, Civil Local Rule 26.1 provides:

  The court will entertain no motion pursuant to Rules 26
  through 37, Fed. R. Civ. P., unless counsel will have
  previously met and conferred concerning all disputed

> issues . . . .  If counsel have offices in the same
> county, they are to meet in person.  <u>If counsel have
> offices in different counties, they are to confer by
> telephone</u>.  <u>Under no circumstances may the parties
> satisfy the meet and confer requirement by exchanging
> written correspondence</u>.

S.D. Cal. Civ. R. 26.1(a) (emphasis added).  The local rules also

require the moving party to serve and file a certificate of

compliance with this rule when filing the motion.  S.D. Cal. Civ.

R. 26.1(b).  Although Lacy's Motion to Amend is brought pursuant to

Federal Rule of Civil Procedure 16(b), the proposed motion to

compel depositions does not comply with Civil Local Rule 26.1.

On June 6, 2011, one month after receiving Defendants' May 5,

2011 objections to the notice of depositions, Plaintiff's counsel

sent a belated meet-and-confer letter to defense counsel by

electronic mail.  (Mot. Amend Scheduling Order Attach. #1 Mem. P. &

A. 4, ECF No. 16.)  On June 13, 2011, defense counsel responded in

a letter by electronic mail, and Plaintiff filed this Motion four

days later.  (<u>Id.</u> at 5.)  Because counsel have offices in different

counties, Lacy's attorneys were not required to meet and confer in

person with defense counsel before raising the issue with the

Court.  <u>See</u> S.D. Cal. Civ. R. 26.1(a).  They were, however,

required to confer by telephone.  <u>Id.</u>  The local rules prohibit

meet-and-confer attempts made by written correspondence alone,

which was the extent of counsel's efforts.  <u>Id.</u>  Moreover, Lacy's

attorneys failed to include a certificate of compliance with the

rule when filing his motion.  <u>See</u> S.D. Cal. Civ. R. 26.1(b).

**4.  Analysis**

Lacy does not address why he did not file a motion to compel

deposition testimony before the May 23, 2011 discovery cutoff,

1  which explicitly encompasses discovery ordered as a result of a
2  discovery motion.  Nor did his attorneys explain why they did not
3  attempt to meet and confer regarding these deposition disputes
4  before June 6, 2011.  Lacy also failed to comply with the meet and
5  confer requirements outlined in the local rules.  Plaintiff's
6  failure to follow local rules underscores a lack of diligence
7  evidenced by his attorneys' failure to meet court-imposed
8  deadlines.

9      In his Reply, Plaintiff's current attorney argues that the
10  deposition notices were timely served and were noticed for dates to
11  occur before the May 23, 2011 discovery completion deadline.
12  (Reply 4, ECF No. 32.)  The current lawyer also alleges that good
13  cause exists to permit him to compel these eight depositions
14  because after receiving Defendants' May 5, 2011 objections,
15  Plaintiff "diligently pursued seeking his right to take the
16  depositions" by meeting and conferring and then filing the Motion
17  to Amend.  (Id.)

18      Lacy's prior attorneys waited nearly seven months, from
19  September 24, 2010, to April 13, 2011, before noticing any
20  depositions.  They also did not bring the dispute to the Court's
21  attention by the discovery cutoff or within thirty days of
22  receiving the May 5, 2011 objections.  See Skinner v. Ryan, No.
23  CV-09-2152-PHX-SMM(LOA), 2010 U.S. Dist. LEXIS 122695, at *5 (D.
24  Ariz. Nov. 5, 2010) (denying a motion to compel that was filed more
25  than one month after the deadline for bringing discovery disputes
26  to the court's attention as untimely).  Plaintiff's attorneys were
27  not diligent.  They allowed the May 23, 2011 discovery cutoff to
28  lapse before seeking relief from the Court on June 17, 2011.

1     The Plaintiff has exhibited a general disregard for the

2 deadlines set forth in this Court's scheduling order as well as the

3 procedures described in the local rules.  Lacy has not shown good

4 cause to amend the scheduling order to permit a motion to compel

5 depositions.  See Johnson, 975 F.2d at 609 (emphasizing that the

6 good cause inquiry hinges on whether the moving party diligently

7 pursued discovery).

8                              **V.**

9                         **CONCLUSION**

10     For the reasons discussed above, Plaintiff's Motion to Amend

11 Scheduling Order to Allow Filing of Motion to Compel and Completion

12 of Discovery [ECF No. 16] is **DENIED**.

13     **IT IS SO ORDERED.**

14
Dated:  March 16, 2012
15                              RUBEN B. BROOKS
                             United States Magistrate Judge
16

17 cc:  Judge Miller
        All Parties of Record
18

19

20

21

22

23

24

25

26

27

28